**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRADLEY LOEBER,** | **)** Case No. |
| | **)** |
| **Plaintiff,** | **)** Judge |
| | **)** |
| **v.** | **)** |
| | **)** <u>**NOTICE OF REMOVAL**</u> |
| **SILVERBACK ENERGY LLC, et al.** | **)** |
| | **)** |
| **Defendants.** | **)** |
| | **)** |

Defendant Silverback Energy LLC ("Silverback Energy") hereby gives notice of the removal of a civil action, Case No. 22 CV 0347, from the Court of Common Pleas, Belmont County, Ohio to the United States District Court for the Southern District of Ohio, Eastern Division. Removal of this action is proper on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for the reasons set forth below.

## <u>INTRODUCTION</u>

1.      On or about December 13, 2021, Plaintiff Bradley Loeber ("Plaintiff") filed his Complaint in the above referenced action in Belmont County, Ohio, where it is currently pending. (*See* Complaint, attached as **Exhibit A**).

2.      In the Complaint, Plaintiff asserts that Defendants terminated him because they erroneously believed he was engaging in illegal drug use by consuming marijuana. (Compl. at ¶ 1). Based on these allegations, Plaintiff seeks compensatory damages, front pay, back pay, punitive damages, attorneys' fees and costs. (*Ad Damnum Clause, ¶* 1, A-H.).

## TIMELINESS OF REMOVAL

3.      Silverback Energy was served with the Complaint on December 19, 2022. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after the service of the Complaint in this action by Silverback Energy.  (*See Id.*). Defendants Jim Butler and Eric Murray have not been properly served in this matter.  However, the individual defendants consent to removal of this matter.

## PLACE OF REMOVAL

4.      The United States District Court for the Southern District of Ohio, Eastern Division is the appropriate venue for removing an action from the Court of Common Pleas of Belmont County, Ohio, where the state action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 115.

## DIVERSITY OF CITIZENSHIP

5.      This Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the real parties in interest and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Plaintiff alleges he is a resident of Washington County, Ohio. (Compl. at ¶ 10). It can therefore be inferred that Plaintiff is, and was at all relevant times, domiciled in Ohio. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."). As such, Plaintiff is a citizen of Ohio. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (citizenship of an individual equates to the person's domicile).

7.      Silverback Energy is a Delaware Limited Liability Company with its principal place of business located in the state of Oklahoma. Declaration of Mark Layton ("Layton Decl."), attached as **Exhibit B**, at ¶ 2. Silverback Energy is owned by a single entity that is a Delaware

limited liability company that also maintains its principal place of business in Oklahoma City, Oklahoma. That LLC's owner is a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma. Silverback Energy is therefore a citizen of Delaware and Oklahoma. *Akno 1010 Market Street St. Louis Mo. LLC v. Poutaghi*, 43 F.4th 624, 626 (6th Cir. 2022) ("A limited liability company . . . has the citizenship of its members and sub-members.") Silverback Energy is not a citizen of any other state for the purposes of 28 U.S.C. § 1332(c)(1).

8. Jim Butler is a citizen of the state of Oklahoma because he is domiciled there. Layton Decl. at ¶ 3; U.S. Const., amend. XIV ("All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."); *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

9. Eric Murray is a citizen of the state of Oklahoma because he is domiciled there. *Id.*; Layton Decl. at ¶ 4.

10. Therefore, because Plaintiff and Defendants are completely diverse as set forth above, complete diversity exists.

<u>**AMOUNT IN CONTROVERSY**</u>

11. Without admitting that Defendants engaged in any improper conduct, that Plaintiff's claims have any merit, or that Plaintiff is entitled to recover any relief or damages from Defendants, Silverback Energy submits that the amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. Plaintiff has alleged in his Complaint that he is seeking damages pursuant to Ohio Revised Code Sections 4112.02 and 4112.14 for lost wages, compensatory damages, punitive

damages, and attorney's fees and costs.  Plaintiff has alleged that he is seeking damages that exceed Twenty-Five Thousand Dollars ($25,000) for each Count in his six-Count Complaint. (Compl. at ¶¶ 27, 35, 43,51, 58, and 69); (*Ad Damnum Clause, ¶* 1, A-H.).

13.    Ohio Revised Code Chapter 4112 permits an award of back pay, front pay, compensatory damages, punitive damages and attorneys' fees to a prevailing plaintiff. *See Johnson v. Con-Way Freight, Inc.*, Case No. 4:10cv2167, 2010 U.S. Dist. LEXIS 120638, at *3 (N.D. Ohio Nov. 15, 2010).  As set forth in **Exhibit B**, Plaintiff was earning a base salary of $80,000.00 per year, or approximately $1,538.46 per week, at the time of his termination on January 27, 2020.  As of January 13, 2023, the date of this Notice of Removal, approximately 154 weeks have passed since Plaintiff's termination.  Therefore, Plaintiff's current potential back pay damages would exceed $200,000, which easily exceeds the jurisdictional monetary threshold required by 28 U.S.C. § 1332(a)(1).

14.    In his Complaint, Plaintiff also seeks compensatory damages, punitive damages, and attorneys' fees and costs.  It is well-established that a plaintiff who prevails on her claims under Ohio Revised Code Section 4112 may be entitled to receive an award of punitive damages.  *See Rice v. Certain Teed Corp.*, 704 N.E.2d 1217, 1221 (Ohio 1999) (holding that R.C. 4112.99 authorizes an award of punitive damages in discrimination cases).  Ohio law similarly permits a prevailing discrimination plaintiff to recover reasonable attorneys' fees.  *See Johnson*, 2010 U.S. Dist. LEXIS 120638, at *3 (noting that Ohio Revised Code Chapter 4112 permits recovery of attorneys' fees).  Plaintiff's potential to receive a reasonable award of these additional damages and fees, combined with his potential back pay award, further exceeds the required monetary threshold for diversity jurisdiction.

4

15.     Plaintiff also claims that the Defendants' alleged wrongful conduct was malicious, entitling Plaintiff to punitive damages and attorneys' fees. *See Clark v. Nat'l Travelers Life Ins. Co*, 518 F.2d 1167, 1168 (6th Cir. 1975) (attorneys' fees factor into the amount in controversy when authorized by a relevant statute); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (punitive damages must be considered in the amount in controversy "unless it is apparent to a legal certainty that such [damages] cannot be recovered.").

16.     Because the value of Plaintiff's claims that he seeks to enforce exceeds $75,000, the amount-in-controversy requirement is satisfied.

## PROCEDURAL COMPLIANCE

17.     Although they have not been served, Jim Butler and Eric Murray do not object to the Notice of Removal.

18.     By filing this Notice of Removal, Silverback Energy does not intend to waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other defenses.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal to United States District Court is being filed with the Court of Common Pleas, Belmont County, Ohio.  This Notice of Removal is being served on Plaintiff on this date.

20.     In accordance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendants are attached as part of **Exhibit A**.

**WHEREFORE**, Silverback Energy removes this case to the United States District Court for the Southern District of Ohio, Eastern Division, being the District and Division for the county in which this action is pending, and respectfully requests that the filing of this Notice of Removal in this Court and with the Court of Common Pleas, Belmont County, Ohio, shall effect removal of

5

this suit to this Court, and that no further proceedings be had in this case in the Court of Common

Pleas, Belmont County, Ohio.

Respectfully submitted,

*/s/ Stephanie M. Chmiel*
Stephanie M. Chmiel (0087555)
THOMPSON HINE LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215
Phone: (614) 469-3350
Facsmile: (614) 469-3361
Stephanie.Chmiel@thompsonhine.com

Hannah E. Caldwell (0099080)
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, Ohio 44114
Phone: (216) 566-5908
Facsimile: (216) 566-5800
Hannah.Caldwell@ThompsonHine.com

*Attorneys for Silverback Energy, LLC*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2023, a copy of the foregoing was filed electronically

with the Court. Parties may access this filing through the Court's system.  I hereby further certify

that on January 13, 2023, a copy of the foregoing was served via electronic and U.S. mail upon the

following:

Jason E. Starling
Jessica R. Doogan
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Tel. (614) 586-7915
Fax. (614) 586-7901
jstarling@willisattorneys.com
jdoogan@willisattorneys.com

*Attorneys for Plaintiff*

/s/  *Stephanie M. Chmiel*