IN THE COURT OF COMMON PLEAS FOR BELMONT COUNTY, OHIO
GENERAL DIVISION

| | |
|---|---|
| **BRADLEY LOEBER,**<br><br>320 Fairview Lane<br>Marietta, OH 45750<br><br>PLAINTIFF,<br><br>v.<br><br>**SILVERBACK ENERGY LLC,**<br><br>C/O Statutory Agent<br>Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221<br><br>and,<br><br>**JIM BUTLER,**<br><br>66800 Executive Drive<br>Saint Clairsville, OH 43950<br><br>and,<br><br>**ERIC MURRAY,**<br><br>66800 Executive Drive<br>Saint Clairsville, OH 43950<br><br>**DEFENDANTS.** | 22CV347<br><br>John A. Vavra<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

## I. NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Bradley Loeber against his former employer, Silverback Energy LLC, and his former supervisor, Jim Butler. On January 27, 2020, Defendants terminated Mr. Loeber's employment because they erroneously believed he was engaging in illegal drug use by consuming marijuana.

2. To the contrary, Mr. Loeber suffers from a longstanding disability. Many years ago, he crushed his knee in a motor vehicle accident, resulting in implants of steel pins and plates. As a result of his disability, Mr. Loeber is physically incapable of running and cannot stand on his injured knee for long periods of time. He also suffers from chronic pain. As an accommodation for the chronic pain caused by his disability, Mr. Loeber consumes cannabidiol or "CBD" oil that is derived from cannabis plants. Unlike marijuana, CBD oil is expressly legal under both federal and state law. It may legally contain up to 0.3% of tetrahydrocannabinol, or "THC," which is the compound also present in marijuana and which is analyzed in drug tests.

3. In January of 2020, Defendants subjected Mr. Loeber to a random drug test. The test returned trace amounts of THC. When Defendants confronted Mr. Loeber with the test, he explained his disability, how he consumes CBD oil, and how it can lead to a false positive for THC and thus marijuana. Mr. Loeber asked Defendants to accommodate his disability by allowing him to use the CBD oil, which is legal, but they refused and fired him because they erroneously believed he was using the illegal drug of marijuana.

4. This violated R.C. Chapter 4112, which prohibits discrimination based on a "regarded-as" disability. Courts have long held that it is a direct evidence case of unlawful regarded-as disability discrimination to fire an employee because the employer erroneously believes the employee has engaged in illegal drug use. *See, e.g., Cavins. v. S & B Health Care, Inc.*, 2nd Dist. Montgomery No. 26615, 2015-Ohio-4119, ¶ 67-80 (affirming a jury verdict for the plaintiff and on a regarded-as disability discrimination claim under R.C. Chapter 4112 because it is unlawful for an employer to fire an employee based on an erroneous perception of illegal drug use). In addition, Mr. Loeber's knee condition qualifies as an actual disability, and for that reason he is entitled to reasonable accommodations. *See, e.g., Harvey v. GoBo, Inc.*,

2

W.D. Va. No. 6:16-cv-00076, 2017 WL 4973205, at *2-4 (Nov. 1, 2017) (finding a genuine issue of material fact on whether a knee injury qualified as a "disability"). One of those accommodations is the legal use of CBD oil to treat Mr. Loeber's chronic pain. He specifically asked for that accommodation, but Defendants refused and fired him.

5. Accordingly, Mr. Loeber now files this civil action. He seeks to recover for the harm he has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II. JURISDICTION AND VENUE

6. Pursuant to R.C. 1907.03 and 2305.01, this Court has original jurisdiction because this is a civil action where the amount in controversy exceeds the county court's exclusive original jurisdiction.

7. Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendant Silverback Energy LLC for the following reasons: it transacted business in this state; it caused tortious injury by an act or omission in this state; it caused tortious injury in this state to Plaintiff by an act outside this state committed with the purpose of injuring Plaintiff, when it might reasonably have expected that some person would be injured thereby in this state; and/or it purposefully availed themselves of the privilege of acting in Ohio, the causes of action arise out of its activities in Ohio, and the exercise of jurisdiction over it is reasonable.

8. Pursuant to R.C. 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendants Jim Butler and Eric Murray because they are residents of, and have continuous and systematic contacts with, the State of Ohio.

3

9. Pursuant to Civ.R. 3(C)(1), (C)(3), and/or (C)(6) this Court is the appropriate venue because Belmont County, Ohio is a county in which a defendant resides; is a county in which a defendant conducted activity that gave rise to the claims for relief; and/or is a county in which all or part of the claims for relief arose.

### III. PARTIES

10. Plaintiff Bradley Loeber ("Plaintiff" or "Mr. Loeber") is a natural person who is a resident of Washington County, Ohio. Defendant Silverback Energy LLC employed Mr. Loeber from June of 2019 up until Defendants fired him on January 27, 2020.

11. Defendant Silverback Energy LLC ("Defendant Silverback" or the "Company") is a for-profit limited liability corporation that formed in the State of Delaware and has its principal place of business in Oklahoma County, Oklahoma. Defendant Silverback is a transportation and logistics solutions provider that operates primarily in the oil and gas industry.

12. Defendant Jim Butler ("Defendant Butler") is a natural person who is a resident of Belmont County, Ohio. At all relevant times, Defendant Butler had supervisory authority over Mr. Loeber. Defendant Butler was an individual responsible for, and/or who participated in, the adverse employment action(s) against Mr. Loeber.

13. Defendant Eric Murray ("Defendant Murray") is a natural person who is a resident of Belmont County, Ohio. At all relevant times, Defendant Murray had supervisory authority over Mr. Loeber. Defendant Murray was an individual responsible for, and/or who participated in, the adverse employment action(s) against Mr. Loeber.

### IV. FACTS

14. Mr. Loeber was employed by Defendants as a salesperson.

15. Mr. Loeber's work performance always met or exceeded expectations.

16. Mr. Loeber suffers from chronic pain due to a past injury to his knee. This injury substantially limits Mr. Loeber in walking and running.

17. Mr. Loeber treated the pain caused by this injury with cannabidiol ("CBD") oil throughout his tenure with the Company.

18. The CBD oil with which Mr. Loeber treats is produced from hemp. It contains a small amount tetrahydrocannabinol ("THC") within the limits allowed by Ohio and federal law.

19. In or about January of 2020, Defendants subjected Mr. Loeber to a random drug test. The first test returned "negative." Defendants then performed a second drug test. This second test returned a "positive" result for trace amounts of THC.

20. Defendants then confronted Mr. Loeber. He explained that only his CBD oil usage could cause a positive drug test as he did not use marijuana. He also described his disability and explained that he needed CBD oil for the chronic pain his disability caused.

21. Defendants nevertheless terminated Mr. Loeber, erroneously regarding him as currently engaging in the illegal use of marijuana.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of Ohio Revised Code Chapter 4112.02
(Disability Discrimination – Termination of Employment)**

**Against All Defendants**

22. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

23. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

24. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

25. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4112.01(A)(2).

26. Defendants violated R.C. Chapter 4112 when they terminated Plaintiff's employment because of his disability. Alternatively, Plaintiff's disability was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

27. As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

28. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendants as principals or masters knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

29. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count I.

## COUNT II

**Violation of Ohio Revised Code Chapter 4112
(Regarded-As Disability Discrimination – Termination of Employment)**

**Against All Defendants**

30. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

31. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

6

32. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

33. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4112.01(A)(2).

34. Defendants violated R.C. Chapter 4112 when they terminated Plaintiff's employment because they erroneously regarded Plaintiff as engaged in illegal drug use. Alternatively, this erroneous perception by Defendants was a motivating factor in their decision to terminate Plaintiff's employment.

35. As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

36. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendants as principals or masters knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

37. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

### COUNT III

**Violation of Ohio Revised Code Chapter 4112**
**(Retaliation – Termination of Employment)**

**Against All Defendants**

38. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

7

39. Plaintiff was at all relevant times a "person" within the meaning of R.C. 4112.01(A)(1).

40. Defendants were at all relevant times "person(s)" within the meaning of R.C. 4112.01(A)(1).

41. Plaintiff engaged in the activity protected by R.C. 4112.02(I).

42. Defendants violated R.C. 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

43. As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

44. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendants as principals or masters knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

45. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

### Violation of Ohio Revised Code Chapter 4112
### (Disability Discrimination – Failure to Accommodate)

### Against All Defendants

46. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

8

47. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

48. Plaintiff at all relevant times had a "disability" within the meaning of R.C. 4112.01(A)(13).

49. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4112.01(A)(2).

50. Defendants violated R.C. Chapter 4112 when they failed to provide a reasonable accommodation for Plaintiff's disability.

51. As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

52. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendants as principals or masters knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

53. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## COUNT V

### Violation of Ohio Revised Code Sections 4112.02(J)
### (Aiding and Abetting Unlawful Discrimination and Retaliation)

### Against Defendant Butler and Defendant Murray

54. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

9

55. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4112.01(A)(3).

56. Defendants Butler and Murray were at all relevant times "person[s]" within the meaning of R.C. 4112.01(A)(1).

57. Defendants Butler and Murray violated R.C. 4112.02(J) when they aided, abetted, incited, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff set forth in this Complaint.

58. As a proximate result of Defendants Butler and Murray's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

59. Consistent with R.C. 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendants Butler and Murray demonstrate malice or aggravated or egregious fraud, and/or Defendants Butler and Murray as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

60. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count V.

## COUNT VI

### Violation of Ohio Revised Code Section 4111.14(G)
### (Failure to Provide Records as to Wages and Hours Worked)

### Against All Defendants

61. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

62. R.C. 4111.14(G) requires employer to provide, at no charge, information at the request of an employee or person acting on behalf of an employee, information including, name,

address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee upon request.

63. Plaintiff was at all relevant times an "employee" within the meaning of R.C. 4111.14(B).

64. Defendants were at all relevant times "employer(s)" within the meaning of R.C. 4111.14(B).

65. On or about October 6, 2022, Plaintiff's counsel requested such records.

66. Pursuant to the records request, a response to Plaintiff's request was due on or about November 5, 2022.

67. To date, Defendants have not provided records pursuant to the request under R.C. 4111.14(G).

68. In violating R.C. 4111.14(G), Defendants acted willfully and with reckless disregard of Ohio law.

69. As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial but exceeding $25,000.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reinstatement or, in the alternative, front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

F. All costs and expenses incurred in pursuing the claims against Defendants;

G. Pre- and post-judgment interest; and

H. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Civ.R. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
Jessica R. Doogan (Ohio Bar No. 0092105)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com
jdoogan@willisattorneys.com

*Attorney for Plaintiff Bradley Loeber*